**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GARY E. BROCCOLI

              PLAINTIFF,

V.                                    CIVIL ACTION NO.  303 CV0830 (MRK)

DOLLAR TREE STORES, INC.

              DEFENDANTS.

                                    MAY 21, 2004

**MOTION TO WITHDRAW AS COUNSEL**
**PURSUANT TO LOCAL RULE 7E**

Pursuant to Local Rule 7e Michael E. Satti and Holly Quackenbush Darin of  the law

firm of Satti & Satti, P.C. respectfully move to withdraw their appearances on behalf of the

Plaintiff, Gary Broccoli.  The undersigned represent that there is good cause for this request in

that since January, 2004 the undersigned's office has been seeking information from the

Plaintiff which is necessary to the pursuit of his case, but have received little or no

**NO ORAL ARGUMENT REQUESTED**

cooperation from the Plaintiff who currently resides in Florida.  As evidence of the Plaintiff's

lack of cooperation, the undersigned provide the following chronology of events:[1]

1.  On or about January 22, 2004 Attorney Holly Quackenbush Darin wrote to the

Plaintiff requesting dates in February and March that he was available to be deposed, a list of

medical providers with whom he had treated and the approximate dates of treatment, and

enclosed therein authorizations for the release of his medical information to both opposing

counsel and to Satti & Satti.

2.  On or about January 29, 2004 the Plaintiff  called and left message indicating that

he would be unable to travel due to three back surgeries.  He said that he would have his wife

call after the first surgery scheduled on February 6 in regards to setting up an alternate to his

traveling (i.e., video or telephonic conferencing).

3.  On or about  March 23, 2004 after the Plaintiff had failed to contact the

undersigned's office, an additional letter was sent to the Plaintiff Broccoli which again

requested dates he was available to be deposed in April and again requested the fully executed

authorizations.

4.  On or about March 26, 2004 the undersigned sent a letter via first class mail to the

Plaintiff enclosing Defendant, Dollar Tree Stores, Inc.'s First Set of Interrogatories As To

---

[1] If necessary, the undersigned would be happy to submit to the Court a copy of the various correspondence and
other documents referenced below.

Plaintiff, Gary E. Broccoli and Defendant's First Requests for Production and advised the Plaintiff that the responses were due to opposing counsel on April 22, 2004.

5.  On or about March 29, 2004 the undersigned  received a fax from G. Broccoli attaching a 3/10/2004 note from Doctor (name illegible) stating "no flying or driving until pain controlled with Intratucal (sic) pump" However, because the note did not provide any information indicating of the length of time that the Plaintiff was under these restrictions, a phone call was placed to the Plaintiff requesting further information.

6.  On March 30, 2004 the Plaintiff spoke to Attorney Michael E. Satti and informed him that he would forward an updated doctor's note as well as his signed authorizations.

7.  On or about April 12, 2004, after not hearing from the Plaintiff regarding the authorizations and/or the discovery requests forwarded to him on  March 26, 2004, the undersigned filed a Motion for Extension of Time as of Right with the Court requesting an extension of time up to and including May 21, 2004 to respond to Defendant's discovery requests.

8.  Thereafter, on April 14, 2004 an additional letter was sent to the Plaintiff indicating that despite his promises to Attorney Satti on March 30, 2004, our office had still not received the signed authorizations or any other information and that in order to move for an extension of time of the June 1, 2004 discovery deadline and/or to seek potential accommodations in conducting his deposition, a doctor's note indicating the length of time he

could not travel or drive was necessary.  The letter also stated that we needed to review the

discovery requests with him.  Finally, the letter closed by indicating that "It's imperative that

you provide us with the doctors note, signed authorizations, and the list of providers as soon

as possible so that we can properly move for an extension of the scheduling order."

     9.  On or about April 25, 2004 Attorney Satti again spoke to the Plaintiff Broccoli and

was again told that he would forward an updated doctor's note along with the medical

authorizations.

     10.  On April 26, 2004 another fax was sent to Gary Broccoli from Attorney Michael

E. Satti requesting the doctor's note which they discussed on April 25 so that Attorney Satti

had the requested information for the telephonic status conference scheduled with Judge

Kravitz on April 28, 2004.

     11.  On or about April 27, 2004 the Plaintiff faxed a doctor's note which appeared to

be the previous note the Plaintiff had submitted in March, 2003 with some changes and which

provided no new information.

     12.  On or about April 28, 2004 Attorney Holly Quackenbush Darin sent yet another

letter to the Plaintiff  stressing the importance of his execution and forwarding of the

authorizations.  It further advised him that the Motion for Extension had been granted until

May 21, 2004, but that if our office did not receive the authorizations and or a response to the

discovery requests previously forwarded to the Plaintiff by May 15, 2004, the Plaintiff's case was in danger of dismissal. The letter again enclosed the authorizations.

13.  The next day on April 29, 2004 Attorney Michael Satti sent a letter to the Plaintiff via regular mail and facsimile which transmission was received by the Plaintiff, advising that the doctor's note sent to the undersigned from the Plaintiff by fax on April 28, 2004 was insufficient (i.e., it appeared to have been doctored since it was still allegedly dated the same as the original doctor's note but now contained handwritten comments which had not been part of the original)  It further advised the Plaintiff of the Court's order to provide a revised scheduling order by May 12 and reiterated their numerous conversations concerning the doctor's note and authorizations.  It informed the Plaintiff that if the information needed was not received by May 4, the undersigned would be in no position to comply with Judge Kravitz's order and would be in no position to object to disciplinary sanctions (including dismissal) that Dollar Tree might request from Judge Kravitz. .

14.  After the Plaintiff did not respond by May 4, 2004 and Attorney Michael Satti was unable to reach him by telephone, on May 6, 2004 the undersigned's office sent an additional letter via regular mail and by fax to the Plaintiff reminding him of the April 28 and April 29 requests for the signed medical authorizations, and indicating that if the undersigned did not hear from him by 5:00 p.m. of that same day that he would seek to withdraw as counsel.

15.  On or about May 11, 2004 the undersigned office was advised by Mr. Broccoli

that he would Federal Express the authorizations that day and that he would call his

neurosurgeon when he got off the phone and ask the doctor to send the note to us directly via

fax.  To date, no doctor's note has been received. The same day, the undersigned forwarded

via federal express an additional copy of the Defendant's Interrogatories and Requests for

Production.

16.     As a result of the Plaintiff's representations on May 11, 2004 that he would

forward the requested authorizations and doctor's note that day and in reliance thereon, the

undersigned filed a Motion to Modify the Scheduling Order with the Court on May 11, 2004.

17.  The next day, May 12, 2004, the Plaintiff called and left a message for Attorney

Satti regarding the May 6, 2004 letter to him.  Despite the letter sent to him on April 29, 2004

by Attorney Satti, he indicated he did not know that we were under an Order from a Federal

Judge and had he known he would have responded sooner.  He later called for the second time

minutes later to say that he couldn't get all of the authorizations signed because the notary

cost $5.00 per page so he would send about twenty of them and he would take care of the rest

when he got his check on the 14th or the 19th.

18.  On  May 14, 2004 the undersigned's office again sent a letter to the Plaintiff via

federal express and fax <u>again</u> requesting the responses to discovery and <u>again</u> enclosing

authorizations. The same day, the Plaintiff called and left a message with a paralegal in the

6

undersigned's office indicating that his neurosurgeon had ordered more testing because he was now experiencing memory loss and they do not know why.  As part of this memory loss, he thought that he mailed the authorizations to us, but allegedly his wife told him that he had not.

19.  On May 17, 2004 Attorney Michael E. Satti and his paralegal attempted to contact the Plaintiff at home and on his cell and left a message at both places.  On May 19, 2004 they again called the Plaintiff and he said he was getting ready to send the authorizations.  He was advised to fax them to us along with the doctor's note and other information requested regarding the discovery requests by noon and to send the originals to us via federal express.

20.  On or about May 19, 2004 the undersigned received via facsimile [2]some signed authorizations from the Plaintiff.  However, the Plaintiff still has failed to provide a list of his providers as requested. Without this information neither the undersigned nor opposing counsel has any idea of where to send the authorizations to obtain the necessary medical records.  Further, the Plaintiff failed to provide any responses to the discovery requests although he was well aware this information was due by May 21, 2004.

21.  As a result, on May 20, 2004 Attorney Michael E. Satti forwarded a letter to the Plaintiff via federal express and certified mail advising him that we would be requesting permission from the Court to withdraw our appearances on his behalf and enclosed an

_____

[2] Despite being told to send the originals to the undersigned as of the filing of this Motion no originals have been received.

appearance that either he and/or new counsel could file on his behalf.  (A copy of that letter is attached as Exhibit A.)

      22.     On May 20, 2004, Attorney Michael E. Satti advised counsel for Dollar Tree Stores, Attorney Christopher Brigham, of the lack of cooperation by the Plaintiff making it impossible to comply wit the Court's order the responses to Dollar Tree's discovery be provided no later than May 21, 2004.

      23.     On May 21, 2004 Mr. Broccoli called and advised Attorney Satti that he received the letter advising him of the fact that we would be seeking to withdraw as his counsel.

      WHEREFORE,  based upon the above it is clear that the undersigned has repeatedly sought the Plaintiff's cooperation and has advised him that his case could be dismissed and/or that the undersigned would withdraw if he did not cooperate.  He has not done so and the undersigned respectfully requests permission to withdraw the appearances of Attorney Michael E. Satti and Attorney Holly Quackenbush Darin.

THE PLAINTIFF,
GARY E. BROCCOLI


By:_____
    Michael E. Satti (Ct.01311)
    Satti & Satti, P.C.
    225 State Street Suite 200
    New London, CT 06320
    (860) 447-8975
    (860)447-9136 Fax
    -His Attorneys-



    _____
    Holly Quackenbush Darin(Ct. 10183)
    Satti & Satti, P.C.
    225 State Street Suite 200
    New London, CT 06320
    (860) 447-8975
    (860)447-9136 Fax
    -His Attorneys-

9

## CERTIFICATION

The undersigned hereby certifies that the foregoing has been sent via Federal Express overnight, this 21st day of May, 2004 to the following as listed below:

Gary E. Broccoli
221 East First Street
Chuluota, FL  32766

The undersigned hereby certifies that the foregoing has been sent via facsimile and First Class Mail, postage prepaid, this 21st day of May, 2004 to the following counsel of record as listed below:

Christopher Brigham
Kara Suffredini
Updike, Kelly & Spellacy, P.C.
One Century Tower
10th Floor
New Haven, CT 06510

_____
Michael E. Satti